IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM D. TURNER, :
:
      Plaintiff :
:
   v. : CIVIL NO. 4:CV-14-2068
:
JOHN WETZEL, SECRETARY, : (Judge Brann)
ET AL., :
:
      Defendants :

## **MEMORANDUM**

March 14, 2016

### **Background**

This pro se civil rights action was filed by William Turner, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville). Defendants initially responded to the Complaint by filing an answer. See Doc. 29.

Named as Defendants are Secretary John Wetzel, Chief Examiner John Doe, and Director of Professional Responsibility John Doe of the Pennsylvania Department of Corrections (DOC). Plaintiff is also proceeding against and the following officials at his prior place of confinement, the Mahanoy State Correctional Institution, Frackville, Pennsylvania (SCIMahanoy): Superintendent

John Kerestes; Grievance Coordinator Jane Hinman; and Deputy Superintendent John Doe.

Based upon a liberal review of the vaguely worded Complaint, Plaintiff states that while confined at SCI-Mahanoy on August 18, 2014 he filed a grievance regarding overcrowding. Turner indicates that there was improper double celling of mentally ill inmates at SCI-Mahanoy, the prison was understaffed, its employees lacked adequate training and made derogatory racial comments. See Doc. 1, ¶ 6-11. It is also alleged that the Defendants failed to properly review his administrative grievances and he received deficient medical care at SCI-Mahanoy, specifically his medication was changed without him being advised of the possible side effects of his new medication.[1]

In retaliation for filing the aforementioned grievance, Turner was allegedly transferred to another correctional facility, SCI-Frackville, which he describes as being even more overcrowded. In addition, Plaintiff generally alleges that while at SCI-Frackville, he was again subjected to derogatory racial comments, overcrowding, and inadequate medical care. Plaintiff seeks injunctive and declaratory relief as well as compensatory and punitive damages.[2]

---

[1] Turner indicates that he is a diabetic.

[2] It is noted that no SCI-Frackville official is named as a Defendant in this
(continued...)

Presently pending is Defendants' motion seeking entry of summary judgment. See Doc. 38. The opposed motion is ripe for consideration.

**Discussion**

Defendants acknowledge that Plaintiff was confined at SCI-Mahanoy from 1997 until September, 2014 when he was permanently transferred to SCI-Frackville. They additionally admit that Turner filed six (6) institutional grievances to final review while at SCI-Mahanoy and one (1) while at SCI-Frackville. However, Defendants seek entry of summary judgment on the grounds that Plaintiff either did not properly exhaust his administrative remedies or his exhausted grievances asserted claims which are now barred from consideration by the applicable two year statute of limitations.

Plaintiff opposes Defendants' non-exhaustion argument on the grounds that there are material issues of fact in dispute since his appeal of the rejection of a grievance including his pending allegations satisfied the exhaustion of administrative remedies requirement. Turner adds that exhaustion should also be deemed satisfied because his SOIGA appeals have been routinely dismissed on

---

²(...continued)
action.   Since there are no assertions that nay of the Defendants were personally involved in any of the alleged unconstituional acts and conditions existing at SCI-Frackville, this matter will be construed as solely asserting claims pertaining to SCI-Mahanoy.

procedural grounds.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett,

477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Statute of Limitations**

In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996). The United States Supreme Court clarified its decision in Wilson when it held that courts considering civil rights claims should borrow the general or residual [state] statute for personal injury actions. Owens v. Okure, 488 U.S. 235,

250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).

Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

The question of when a cause of action accrues is a question of federal law. Smith v. Wambaugh, 887 F. Supp. 752, 755 (M.D. Pa. 1995). A civil rights claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. If a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing pattern falls within the limitations period. Brenner v. Local 514, 927 F. 2d 1283, 1295 (3d Cir. 1991). It is also well settled that a person may realize he has been injured but is not adequately apprised as to the cause of his injury. See McGowan v. University of Scranton, 759 F.2d 287 (3d Cir. 1985). In Oshiver v. Levin, Fishbein, Sedran, & Berman, 38 F.3d 1380 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit recognized two doctrines, equitable tolling and the discovery rule, which may extend the statute of limitations.

The statute of limitations may be subject to equitable tolling where it is shown that the plaintiff exercised reasonable diligence in bringing his claims.

Campbell v. Kelly, 87 Fed. Appx. 234, 236 (3d Cir. 2003).  The discovery rule is a judicially created principle which tolls the statue of limitations in cases where a reasonable person in the plaintiff's shoes lacks the critical facts to put him on notice that he needs to investigate.

However, it has been recognized that the limitations period in a civil rights action will begin to run even if the Plaintiff does not know all the facts necessary for his claim, all that is required is that the plaintiff have sufficient notice to place him on alert of the need to begin investigating.  Gordon v. Lowell, 95 F. Supp.2d 264, 272 (E.D. Pa. 2000).  Under Gordon a "claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Id.  This Court is satisfied that Plaintiff had the necessary information to pursue his pending claims at the time they occurred.

Under the mailbox standards announced in Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court), Turner's Complaint, which is dated October 20, 2014, will be deemed filed as of that date.  Furthermore, since there has been no demonstration of entitlement to equitable tolling or relief under the discovery rule, any claims which accrued more than two years prior to that date are subject to dismissal as being untimely.

**Administrative Exhaustion**

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 549 U.S. 199, 219 (2007), stated that the primary purpose of the exhaustion requirement is to allow

"a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

A Consolidated Inmate Grievance Review System has been established by the Pennsylvania Department of Corrections ("DOC").[3] A copy of the policy has been submitted in support of Defendants' non-exhaustion argument. Section V of DC-ADM 804 (effective May 1, 2014) states that "every individual committed to

---

[3] While the DOC's grievance system has been periodically amended, the three tiered appeal system was in effect throughout the relevant period of Plaintiff's SCI-Mahanoy confinement.

its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement." See Doc. 40-1, p. 50 (III).  It adds that the formal procedure shall be known as the Inmate Grievance System and provides a forum of review and two (2) avenues of appeal.  Section I ("Grievances & Initial Review") of DC-ADM 804 provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based but allowances of extensions of time will be granted under certain circumstances. A rejected grievance may be resubmitted within five (5) working days of the rejection notice date.

An appeal from the Grievance Coordinator's Initial Review decision may be made in writing within fifteen (15) working days to the Facility Manager or Superintendent.  A final written appeal may be presented within fifteen (15) working days to the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  A prisoner, in seeking review through the DOC grievance system, may include reasonable requests for compensation or other legal relief normally available from a court.  However, an improperly submitted grievance will not be reviewed.

In support of their non-exhaustion argument, Defendants have submitted a a declaration under penalty of perjury by DOC Assistant Chief Grievance Officer Keri Moore. See Doc. 40-1, p. 4. Moore states that based upon a search of the DOC's automated inmate grievance tracking system Plaintiff appealed to final review six grievances pertaining to his SCI-Mahanoy confinement since 2008. See id. at ¶ 24. Copies of those relevant grievances and responses accompany Moore's declaration.

Grievance #284791 was filed by Turner in 2009 at SCI-Mahanoy regarding his treatment for diabetes. The final review of the grievance occurred on January 21, 2010. See id. at p. 85. As previously discussed, this action was filed on October 20, 2014; therefore, this Court agrees with Defendants' argument that any pending claim by Turner regarding the substance of Grievance #284791 would be subject to dismissal as being barred by Pennsylvania's two year statute of limitations.

The second grievance, Grievance # 355269, was initiated by Inmate Turner regarding his removal from a prison job as block janitor in February, 2011, more then three years prior to the filing of this action. See id. at p. 102. The substance of this grievance is not included in the Complaint pending before this Court. Moreover, even if said claim was included, it would also be untimely. It is also

11

noted that Plaintiff agrees that the two above described grievances "is not the issue that's now before this District Court." Doc. 41, p. 6.  Based upon a review Grievances #284791 and # 355269, this Court agrees that neither of those filings constitutes administrative exhaustion of the claims presently pending before this Court.

Grievance #438823, the third grievance referenced by Moore, sought relief on the basis that Plaintiff was improperly charged a co-payment for skin lotion in December 2012.  See id. at p. 111.  This claim has likewise not been included in the Complaint pending before this Court.  Accordingly, Grievance #438823 is also not a proper basis for a determination that the administrative exhaustion requirement has been satisfied.

The fourth grievance (#501078) was instituted regarding the taking of an x-ray after Turner suffered a blow to the back of his head in January 2014.  See id. at p.119.  Once again, even a most liberal reading of Turner's complaint shows that there is no such related claim presently being pursued.  Therefore, it likewise does not provide evidence of compliance with the exhaustion mandate.

Grievance # 524754, the fifth grievance referenced by Moore is dated August 19, 2014 and was referenced in Plaintiff's Complaint.   This grievance arguably sought relief regarding the same overcrowding, double celling,  and

medical care issues at SCI-Mahanoy which are now before this Court.  Based upon undisputed documents provided by the parties, the prison's Grievance Coordinator rejected Grievance # 524754 on September 2, 2014.  See id. at p. 125.  Plaintiff unsuccessfully appealed that rejection to the Facility Manager who upheld the rejection on September 8, 2014.  See id. at p. 124.  Following a final administrative appeal of the rejection,  the appeal was dismissed (not rejected) on October 14, 2014 because proper documentation had not been provided by Turner.  See id. at p. 122.

Next, Plaintiff filed Grievance #535088 which raised claims of a retaliatory transfer for complaining about double celling and overcrowding at SCI-Mahanoy.  A final administrative appeal of this grievance was denied on February 9, 2015 well after the filing of this action.  See Doc. 44-1, p. 4.  As such, it cannot be relied upon Plaintiff to establish exhaustion prior to the filing of this action.

Finally, after being transferred to SCI-Frackville, Plaintiff filed Grievance # 533255 which concerned cable television service at that facility.  As such, said grievance is not relevant to this discussion since there is no cable television or SCI-Frackville related  claim properly raised before this Court.  It is noted that the final administrative appeal of Grievance # 533255 in that matter was also dismissed by SOIGA for failure to provide proper documentation.  See id. at p.

139.

Pursuant to the discussion, the only potential grievance filed by Plaintiff which could satisfy the exhaustion requirement is Grievance # 524754.  Although Grievance # 524754 arguably sought relief regarding the same overcrowding, double celling, and medical care issues at SCI-Mahanoy which are now before this Court, it is undisputed that it was not considered on its merits.  Rather it was rejected at all administrative levels for Turner failure to follow the DOC's well established grievance procedure.

The Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement.  Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75.  A subsequent decision by that court reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected.  Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir.  2006).  The Third Circuit has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust."  Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

As recognized in Hill, exhaustion should not be excused because a grievance is rejected.  Accordingly, Plaintiff's administrative appeal of the rejection of his

14

grievance does not satisfy the exhaustion requirement.   The undisputed evidence submitted by the Defendants satisfies their burden of establishing that Plaintiff did not properly exhaust his available DOC administrative remedies prior to initiating this action   Therfore, the request for entry of summary judgment on the basis of non-exhaustion of available administrative remedies will be granted.   An appropriate order will enter.[4]

                BY THE COURT:

                  s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge

---

[4]  It is additionally noted that Plaintiff's claim of being subjected to racially derogatory remarks is not actionable under § 1983.  See Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

    Likewise. any claim solely based upon the handling of Turner's grievances is also insufficient.  See Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability).